PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Beatriz Avila__    Docket No. __3:09CR00252-003__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Angela D. Rankin__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Beatriz Avila__ who was placed under pretrial release supervision by the __Hon. U.S. Magistrate Judge Juliet Griffin__ sitting in the Court at __Nashville, Tennessee__, on __June 11, 2010__, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference pages five through six of this document

I declare under penalty of perjury that the foregoing is true and correct.

| Angela D. Rankin | Nashville, TN | August 23, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |
| **Next Scheduled Court Event** | Trial | February 19, 2013 |
| | Event | Date |

### PETITIONING THE COURT

☐ No Action    ☐ To issue an order setting a hearing on the petition
☒ To Issue a Warrant    ☐ Other

THE COURT ORDERS:
☐ No Action
☒ The Issuance of a Warrant.
　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____    _____
Date                              Time

Considered and ordered this __23rd__ day of __August__, __2012__, and ordered filed and made a part of the records in the above case.

_____
Honorable Juliet Griffin
U.S. Magistrate Judge

Honorable Juliet Griffin
U.S. Magistrate Judge
RE: Petition for Action On
Beatriz Linda Avila
3:09CR00252-003
August 23, 2012

The defendant was arrested on June 10, 2010, in the Central District of California at Los Angeles. She was brought before the Honorable David T. Bristow, U.S. Magistrate Judge, for an initial appearance. The Court released the defendant on June 11, 2010, on a $50,000 unsecured bond with special conditions requiring pretrial supervision.

On July 6, 2010, Ms. Avila made an appearance in the Middle District of Tennessee before Your Honor for appointment of counsel and arraignment. Your Honor allowed the defendant to remain on the bond and conditions as set in the Central District of California.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**Previous Violations:**

After her release, Ms. Avila was supervised by Pretrial Services in the Central District of California by Officer Camron Pitcher. During this time, she incurred several violations. On July 28, 2010, the defendant informed Officer Pitcher that she had an urge to jump in front of a moving car.

On August 18, 2010, the defendant's sister, Zoila Avila, telephoned former Supervisory U.S. Probation Officer Paulette Allen to report an incident which occurred at her residence. The defendant was residing at 204 W.F. Street, Ontario, California, along with their father. According to Zoila Avila, defendant Avila became involved in verbal altercations with one of her brothers and the girlfriend of another brother. When the girlfriend was departing the Avilas' home, the defendant threw a beer bottle through that individual's vehicle window.

Ms. Avila's sister directed her to leave and requested to be removed from the defendant's bond. The defendant departed and moved to 540 West Arrow Highway, Upton, California. The defendant did not inform her pretrial services officer and the move was not approved. No charges were filed against the defendant.

Additionally, the defendant reported an attempted suicide in December 2010, by taking a bottle of Excedrin pills. She was admitted to Pomona Valley Hospital, Pomona, California, on December 10, 2010, and discharged on December 13, 2010.

Honorable Juliet Griffin
U.S. Magistrate Judge
RE: Petition for Action On
Beatriz Linda Avila
3:09CR00252-003
August 23, 2012

On January 5, 2011, a telephone conference was held with the defendant, her treatment counselor at the Phoenix House (a substance abuse treatment facility located in Santa Fe Springs, California), defense counsel, attorneys for the Government, and Officer Allen. Ms. Avila was admonished for her irrational behavior and failing to abide by the instructions of her pretrial services officer. Officer Allen and Assistant U.S. Attorney Phil Wehby directed the defendant to remain at the Phoenix House until her case was resolved.

**Reside As Approved by Pretrial Services and Do Not Relocate Without Permission from Pretrial Services:**

On March 22, 2011, Ms. Avila was discharged from the Phoenix House as a result of leaving the facility without an escort. According to Officer Pitcher, defendant Avila became involved in a verbal altercation with a friend (resident) over another female. Ms. Avila injured one of her hands as a result of punching a pole at the facility. She was instructed to see a doctor but was required to be accompanied by a peer for support. Ms. Avila refused to go out of the facility with peer support. She stated that it was "bullshit", and she was going anyway. Ms. Avila left and was terminated from the Phoenix House.

On March 23, 2011, defendant Avila met with her pretrial services officer, Camron Pitcher, to update him on her status. The defendant related that she wanted to enter the Pathways to Recovery Sober Living Facility, 2190 Orange Grove, Pomona, California, on March 24, 2011. The defendant was asked how she would pay the $550 monthly fee, and Ms. Avila related she had a man who would take care of the payments. Mr. Pitcher approved the defendant's move.

**Participate in Residential Drug (and/or) Alcohol Treatment as Determined by Pretrial Services.**

On March 29, 2011, at Officer Allen's request, Mr. Pitcher contacted officials at Pathways to Recovery Sober Living, to verify the defendant's residency. He was informed that Ms. Avila arrived on the evening of March 28, 2011. The defendant was advised by staff that she would have to pay the $550 in advance. The defendant stated she would be traveling to Tennessee and would wait until her return on Tuesday, April 5, 2011, to secure residency at Pathways to Recovery Sober Living. The defendant's address at that time was 540 W. Arrow Highway, Upland, California, which was not approved by her supervising officer.

3

Honorable Juliet Griffin
U.S. Magistrate Judge
RE: Petition for Action On
Beatriz Linda Avila
3:09CR00252-003
August 23, 2012

As a result of her instability and expressed anxiety, the defendant's release conditions were modified for her to undergo a mental health evaluation and treatment as directed by Pretrial Services. According to Officer Pitcher, his agency did not refer the defendant for a mental health evaluation.

The defendant's supervising officer discussed with Ms. Avila the importance of abiding by the conditions of her release; however, the defendant was not receptive.

On April 4, 2011, the defendant appeared before Your Honor for a bond violation hearing. At that hearing, the Court was informed that there was an agreement to allow the defendant to remain on bond, and not be allowed to reside at the Pathways to Recovery Sober Living II in Pomona, California. The Court agreed and admonished the defendant.

On May 1, 2011, Linda Evans, director of the Pathways to Recover Sober Living Facility, emailed Officer Allen and informed her that Ms. Avila re-entered Pathways II on April 30, 2011. On May 4, 2011, Ms. Evans emailed Ms. Allen to inform that Ms. Avila left Pathways II during the night on May 3, 2011. The defendant's whereabouts were unknown at that time and Pretrial Services requested that a warrant be issued.

On May 31, 2011, the defendant appeared before Your Honor for a revocation hearing. She was released to Diersen Charities, Nashville, Tennessee. She was allowed to leave the center to look for work, court hearings, and other approved meetings.

On July 26, 2011, Diersen Charities terminated the defendant from their program for numerous violations of their policies.

The defendant reported to the U.S. Probation Office on July 17, 2012, and submitted a urine screen which tested positive for cocaine. The defendant initially denied use of the illegal substance; however, she later admitted to using the substance on July 16, 2012.

This officer staffed the case with Supervisory U.S. Probation Officer Burton Putman, and Your Honor. The defendant was homeless, and requested to return to California to reside with her mother. This officer contacted the defendant's mother, and she agreed that the defendant could reside with her. This officer also contacted the U.S. Probation Office in the Southern District of California, and they were willing to accept courtesy supervision.

4

Honorable Juliet Griffin
U.S. Magistrate Judge
RE: Petition for Action On
Beatriz Linda Avila
3:09CR00252-003
August 23, 2012

This officer prepared a Violation Petition and requested that No Action be taken at that time. Your Honor concurred with the recommendation.

**New Violations:**

**Defendant May Not Change Her Address or Move Without Permission of the Court:**

Defendant Avila left the Middle District of Tennessee on July 17, 2012, and drove with her dog to her mother's residence in San Diego, California. On August 1, 2012, this officer received an email from U.S. Probation Officer Silvana Patton in the Southern District of California. She advised that the defendant reported to her on that date and advised that she had been involved in an altercation with her sister as a result of her "dog shedding hair all over the place". She further informed the officer that her mother had left for Mexico, and to avoid any additional altercations with her sister, she left the residence and slept in her car.

This officer was later advised by U.S. Probation Officer Patton that Ms. Avila could not reside with her mother, as she was not allowed to have her dog due to restrictions at the residence. She proposed to reside with a friend at 2079 Bacon Street, San Diego, California. However, the defendant did not receive permission from this officer to live anywhere other than with her mother, as originally determined.

**Defendant Must Not Violate Any Local, State, or Federal Laws:**

On August 21, 2012, this officer received a telephone call from the defendant advising she was in the Pomona, California, City Jail. She stated she was unclear of the charges, but was told they were for "old warrants". This officer spoke with Assistant Public Defender Roseanne Scoloveno in the Central District of California. She represented the defendant in court yesterday, and advised this officer that the defendant had numerous fees that have not been paid, as well as community service the defendant did not perform. As a result, warrants were previously issued for the defendant's arrest. She entered a guilty plea on that same date, and was sentenced to 120 days, suspended, except for approximately six days. Attorney Scoloveno stated that Ms. Avila also has a detainer for her from San Bernardino, California, for similar charges. Attorney Scoloveno advised this officer that the defendant informed her that she was a material witness for the Federal Bureau of Investigation in the Middle District of Tennessee, and therefore, was not allowed to leave the state to go to California to take care of the outstanding warrants. This officer informed the attorney that she is not a material witness, and is on pretrial supervision for two felony offenses involving firearms.

5

Honorable Juliet Griffin
U.S. Magistrate Judge
RE: Petition for Action On
Beatriz Linda Avila
3:09CR00252-003
August 23, 2012

It also appears from information received from the U.S. Probation Office in the Southern District of California, that the defendant had moved approximately one week prior to her arrest to the Central District of California. At no time did the defendant receive permission from Your Honor, nor did she advise this officer that she had moved to the Central District of California, specifically Pomona, California.

**<u>Respectfully Petition the Court as Follows:</u>**

The Pretrial Services Office requests that a warrant be issued for the defendant's arrest, and that she be brought back to the Middle District of Tennessee for a hearing to determine why her pretrial release should not be revoked.

Due to the numerous violations of the defendant's pretrial release since being placed on supervision, the Pretrial Services Unit recommends that the defendant's pretrial release be revoked pending the disposition of this case.

Approved by:

_____
W. Burton Putman
Supervisory U.S. Probation Officer

xc: Phil Wehby, Supervisory Assistant U.S. Attorney
Michael Terry and Stephanie Gore, CJA Panel Attorneys

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. BEATRIZ AVILA                    CASE NO.: 3:09-00252

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*AMENDED*
## RELEASE ORDER AND CONDITIONS OF RELEASE

☒  Defendant is released on ~~his/~~her own recognizance, ~~no appearance bond shall be posted,~~ and the following ~~statutorily required standard~~ conditions of release are hereby imposed:

☐  Defendant shall be released on a non-surety bond in the amount of _____, no security or monies shall be required for defendant to be released, and the following conditions of release are hereby imposed:

☐  Defendant shall be released on a non-surety bond in the amount of _____, cash in the amount of _____ shall be posted to the Clerk of Court, or such other security as listed below, and the following conditions of released are hereby imposed:

☒  Defendant shall be released on a surety bond *$50,000* ~~as described below~~ *set in the Central District of California.*

☐  Defendant shall remain on the conditions of supervised release that have been previously imposed by the District Judge. In addition, defendant shall abide by the following conditions:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**WHILE ON RELEASE, I FULLY UNDERSTAND:**

1) I may not change my address or move without permission of the Court. My correct address has been provided to Pretrial Services.

2) I must be in Court each and every time I am instructed to be there, and surrender to serve any sentence imposed.

3) I cannot intimidate or harass any witness, victim, informant, juror or officer of the Court; I cannot obstruct any criminal investigation.

4) I must not violate any local, state or federal law. If I do, I could be punished by as much as from 90 days to 10 years imprisonment in addition to the penalty provided for the offense committed.

Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. BEATRIZ AVILA　　　　　　　　　　CASE NO.: 3:09-00252

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

5) If I violate any condition of release, a warrant for my arrest could be issued, any bond I signed may be forfeited, and new bonds with additional conditions, or my detention until trial, could be ordered by the Court, and I could be held in contempt of Court.

6) If I fail to appear at any proceeding in this case or I fail to surrender to serve any sentence imposed, I could be charged and convicted of bail jumping which is punishable by, in some cases, as much as 10 years imprisonment and/or a fine, in addition to any other punishments imposed in the original case.

7) This special condition or conditions:

   A. Defendant shall report to Pretrial Services as directed

   B. Defendant shall maintain actively seek verifiable employment

   C. Defendant shall allow a Probation/Pretrial Services Officer to visit at any time at home or elsewhere and confiscate any contraband observed in plain view

   D. Defendant shall have no contact with any victim or witness in this case; specifically the co-defendants, EK-13 gang members, or any other person the Government advises defendant's counsel that defendant is not to have contact with

   E. Defendant shall submit to drug *and alcohol* testing as directed by Pretrial Services

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. BEATRIZ AVILA         CASE NO.: 3:09-00252

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

F. Defendant shall participate in any substance abuse counseling or treatment as directed; treatment may be on an out-patient basis or an in-patient basis; any in-patient treatment may be followed by up to 90 days in a half-way house

G. Defendant shall not have in her possession (on her person, in her home, in her vehicle, at her place of work) any firearms, ammunition, or other dangerous weapon

H. Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

I. Defendant shall refrain from the ~~excessive~~ use of alcohol

J. Defendant shall report as soon as possible, within 48 hours, to the supervising officer, any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop

K. Defendant shall reside at Diersen Charities and shall abide by all of their rules and regulations; in addition, Defendant is not permitted to leave Diersen Charities except 1) to meet with her lawyers; 2) to report to Pretrial Services; 3) for any job interview; and 4) if she gets a job, for the purposes of her employment

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. BEATRIZ AVILA          CASE NO.: 3:09-00252

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

L. _____

I acknowledge I have read this Order. I understand that I will receive a copy of it and any Appearance Bond that the Court has ordered at the conclusion of this hearing.

Date: May 31, 2011                    X_____
                                              Defendant

It is ORDERED that the conditions listed above are imposed. 18 U.S.C. § 3142.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA v. BEATRIZ AVILA      CASE NO.: 3:09-00252

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The **Middle District of Tennessee** consists of the following counties: Cannon, Cheatham, Clay, Cumberland, Davidson, DeKalb, Dickson, Fentress, Giles, Hickman, Houston, Humphreys, Jackson, Lawrence, Lewis, Macon, Marshall, Maury, Montgomery, Overton, Pickett, Putnam, Robertson, Rutherford, Smith, Stewart, Sumner, Trousdale, Wayne, White, Williamson and Wilson.

The following are pertinent Middle District of Tennessee numbers (Area Code 615):
    U.S. Magistrate Judge Juliet Griffin      - 736-5164
    U.S. Magistrate Judge Joe B. Brown      - 736-7052
    U.S. Magistrate Judge E. Clifton Knowles      - 736-7347
    U.S. Magistrate Judge John S. Bryant      - 736-5878
    Clerk of Court      - 736-5498
    U.S. Marshal      - 736-5417
    U.S. Attorney      - 736-5151
    U.S. Probation      - 736-5771
    Federal Public Defender      - 736-5047

The United States District Court in **Nashville** is located in the United States Courthouse, 801 Broadway, at the corner of Eighth and Broad. The Court in **Cookeville** is located at 9 East Broad Street. The Court in **Columbia** is located at 816 South Garden Street.